# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-11323

United States Court of Appeals
Fifth Circuit

**FILED**
July 31, 2019

Lyle W. Cayce
Clerk

JAMES LAWRENCE COPELAND,

Petitioner–Appellant,

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent–Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-2129

Before HIGGINBOTHAM, SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM:[*]

James Lawrence Copeland, Texas prisoner # 02019483, seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 application challenging his conviction for aggravated assault with a deadly weapon involving family violence. He argues that the district court erred in denying his motion to amend his § 2254 application. Copeland contends that appellate counsel was ineffective for failing to raise claims

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenging the effectiveness of trial counsel and for failing to raise claims of prosecutorial misconduct. With the benefit of liberal construction, Copeland asserts that trial counsel was ineffective for failing to request a jury instruction on the defense of necessity. He also challenges the district court's order denying his motion for a stay and abeyance of the § 2254 proceedings so that he could exhaust his state court remedies.

We review the district court's denial of a stay and abeyance for abuse of discretion, and a COA is not required. *See Williams v. Thaler*, 602 F.3d 291, 309 (5th Cir. 2010); *Lave v. Dretke*, 416 F.3d 372, 382 (5th Cir. 2005). A district court should grant a stay if it determines that the prisoner has shown good cause warranting a stay, the prisoner has raised meritorious issues, and the prisoner has not engaged in intentionally dilatory tactics. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Copeland has failed to show good cause excusing his failure to exhaust his state remedies and has therefore not met this standard. Thus, he has not established that the district court abused its discretion in denying his motion for a stay. *See id.* at 278.

With respect to his other claims, to obtain a COA, Copeland must make "a substantial showing of the denial of a constitutional right."28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Where the district court denies habeas relief on procedural grounds, the applicant must demonstrate that reasonable jurists would find it debatable whether the application states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484. Where the district court denies relief on the merits, an applicant must show that reasonable jurists "would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* Copeland has failed to make this showing. *See id.*

No. 18-11323

Accordingly, Copeland's motion for a COA is DENIED IN PART and DENIED IN PART as unnecessary. To the extent that a COA is unnecessary, the judgment of the district court is AFFIRMED.